IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DAVID LEE J.,

        Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

        Defendant.

Case No. 17-CV-219-CVE-FHM

**REPORT AND RECOMMENDATION**

Plaintiff, David Lee J., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 19, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") James Stewart was held October 21, 2015. By decision dated December 1, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 23, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 18 years old on the alleged date of onset of disability and 30 on the date of the ALJ's denial decision. He has a limited education and the ALJ found he had no past relevant work, although Plaintiff testified that he worked for his father since high school as a helper laying flooring. He claims to have been unable to work since July 3, 2003, as a result of irregular heartbeats and arrhythmia, chest pain, shortness of breath, headaches, numbness in legs and left arm, and anxiety .

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform work at the sedentary level of exertion with the limitation that he cannot climb ladders, ropes or scaffolds; stooping, kneeling, crouching, crawling and climbing ramps and stairs can be done occasionally; he can have no exposure to unprotected heights, open flames, dangerous machinery or other hazardous conditions. Due to mental impairments, Plaintiff is limited to understanding, remembering, and carrying out simple or intermediate level instructions and can perform simple and some tasks of intermediate level difficulty

under routine supervision. In addition Plaintiff can relate to supervisors and co-workers on a superficial and work-related basis. [R. 16].

Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ erred: by refusing to let his witness testify at the hearing; in failing to include a limitation on public contact in the RFC; by misidentifying one of the jobs at step five; and by failing to perform a proper credibility determination.

### Analysis

#### Refusing to Let Plaintiff's Witness Testify

Plaintiff was unrepresented at the hearing before the ALJ, although he is represented by counsel in this appeal. At the beginning of the hearing, the ALJ spent some time discussing the procedure, the standards to be applied to his case, and whether Plaintiff was comfortable proceeding without counsel. [R. 28-40]. At the end of the hearing, after the vocational expert had testified, Plaintiff told the ALJ that he had someone with him. He stated he "didn't know if it was relevant to have her in here or not, like, as a witness or anything." [R. 73]. The ALJ stated it was too late. Plaintiff asserts that the ALJ erred because he did not mention that Plaintiff had the opportunity to present a witness and

3

by denying him the chance to present a witness at the end of the hearing, the ALJ violated his right to due process which requires remand.

The Commissioner's regulations provide that it is the claimant's responsibility at each level of review to prove he is disabled. 20 C.F.R. §§ 404.1512, 416.912. The notice advising Plaintiff of his right to appeal the denial on reconsideration to an ALJ states that the claimant will have an opportunity to present additional evidence and have witnesses testify for him. [R. 107]. This right is confirmed by the Commissioner's regulations. 20 C.F.R. §§ 404.950(e), 416.1416(b)(4). The ALJ's decision to deny Plaintiff his witness because it was "too late" is unfortunate. The ALJ's statement that it was "too late" to present a witness was made without any explanation of why it was "too late" and presents an insufficient basis to deny Plaintiff the chance to present a witness, especially in the non adversarial administrative proceeding.

However as the Supreme Court has recognized, the harmless error doctrine applies to court review of administrative decisions. *Shinseki v. San*ders, 566 U.S. 396, 129 S.Ct. 1696, 1706, 173 L.Ed.2d 532 (2009). That means the party seeking to have the decision set aside carries the burden of showing that the claimed error is harmful. That Plaintiff was proceeding pro se before the Social Security Administration does not change the requirement that it must be shown on appeal that the alleged error was harmful. Plaintiff is not proceeding pro se on appeal and there has been no showing of how Plaintiff was prejudiced by the denial of his witness. The undersigned finds that Plaintiff's failure to demonstrate that the ALJ's refusal to permit the testimony of his unnamed witness was prejudicial to him is fatal to his appeal on this issue. *See Holdsworth v. Chater*, 87 F.3d 1327, (10th Cir. 1996), 1996 WL 346581 (unpublished)(declining to address a due process

challenge where the ALJ's decision was supported by substantial evidence and in accordance with correct legal standards and Plaintiff failed to inform the Court of alleged prejudice). Under the circumstances of this case, the ALJ's refusal to let Plaintiff call a witness at the end of the hearing does not present a reason for remand.

### Public Contact Limitation

The RFC states that Plaintiff can relate to supervisors and co-workers on a superficial and work-related basis. [R. 16]. Plaintiff asserts that it is concerning that the RFC is silent about Plaintiff's ability to deal with the public. Plaintiff argues that the charge-account clerk and food order clerk jobs identified by the vocational expert would require him to deal with the public. He "asserts both of these jobs have social stressors that are inconsistent with the ALJ's limitation to only on a superficial basis." [Dkt. 14, p. 8].

Absent from Plaintiff's argument is any reference to significant record evidence that would demonstrate the ALJ erred by failing to include any RFC limitation on contact with the public. Plaintiff does assert that his prescription for the drug hydroxyzine (an anxiety medication) would support a limitation on contact with the public. [Dkt. 17, p. 3]. However, the question on appeal is not whether there is some evidence in the record that might arguably support a decision contrary to the one made by the ALJ. On appeal the question is whether the decision made by the ALJ is supported by substantial evidence. The term "substantial evidence" does not mean undisputed or unequivocal. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance. *Lax*, 489 F.3d at 1084. "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell*

*v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). Said differently, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence. The undersigned finds that Plaintiff has not pointed to evidence contrary to the ALJ's RFC finding that would compel the inclusion of a limitation on public contact in the RFC.

Misidentification of Job

This case was decided at step five of the evaluative sequence. At step five, the ALJ determines whether Plaintiff can do any jobs existing in significant numbers, considering Plaintiff's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g). Based on the testimony of a vocational expert, the ALJ determined that there exist four sedentary occupations that Plaintiff can perform: Food Order Clerk, DOT # 209.567-014; Clerical Mailer, DOT# 209.587-014; Charge Account Clerk, DOT# 205.367-014; and Semiconductor Bonder, DOT# 726.685-066. The ALJ found that the number of these representative jobs, 135,000, nationally was a significant number of jobs. [R. 21]. Plaintiff argues that the clerical mailer job should be eliminated from the list of occupations because the DOT does not contain the job title of clerical mailer. The DOT number provided by the vocational expert for that job is for the occupation of credit card clerk retail trade. Plaintiff suggests that the vocational expert must have meant to name the job "mail clerk" which is DOT # 209.687-026. That job is beyond Plaintiff's RFC because it is a light exertion job. Plaintiff argues that when the number of jobs the vocational expert attributed to the "clerical mailer" job are eliminated, the remaining number of jobs is too few to constitute a significant number of jobs.

The Commissioner accurately points out that Plaintiff does not even assert that the job of credit card clerk retail trade that corresponds with the DOT number cited by the vocational expert is beyond his RFC.  The Commissioner argues that, given that the job is within Plaintiff's RFC, it is likely that the vocational expert simply misspoke when he said the job title was clerical mailer.

The undersigned is not persuaded that the mis-identification of the title of an occupation that is otherwise appropriate for the RFC eliminates that job as being available to Plaintiff at step five.  The mis-identification of the job of credit card clerk retail trade does not provide a basis for remand.

### Number of Jobs

Plaintiff argues that the total number of jobs identified by the vocational expert, 135,000, is not a large enough number of jobs to constitute work that exists in significant numbers so as to support the finding that Plaintiff is not disabled.  Plaintiff cites *Raymond v Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) in support of this proposition.  In that case the Tenth Circuit mentioned an unpublished case, *Stokes v Astrue*, 274 Fed. Appx. 675 (10th Cir. 2008) where the Court found that 152,000 jobs nationally was a significant number of jobs.  Plaintiff concludes from this that a number less than 152,000 jobs cannot be a significant number of jobs.  The undersigned rejects Plaintiff's conclusion as unsupported by *Raymond* or the situation presented in this case.

In *Raymond* the Court was presented with the situation where the ALJ found that a number of jobs was a significant number, but on appeal Plaintiff argued that some of those jobs should be eliminated.  The one remaining occupation had 1.34 million positions which the Court found was a significant number even if the other jobs were eliminated.  The

7

*Raymond* Court mentioned that in *Stokes* the Court found that after erroneously included occupations were eliminated 152,000 jobs remained which the Court found was a significant number. In cases where one or more occupations are eliminated on appeal, the question arises whether the remaining number of jobs is so numerous that they must constitute a significant number of jobs, even though the ALJ's finding involved a greater number of jobs. Courts frequently remand cases for further consideration when the number of jobs is reduced on appeal on the rationale that it is the province of the Commissioner, not the courts, to determine what number constitutes a significant number of jobs. That, however, is not the situation presented in this case. In the present case, the ALJ found that 135,000 jobs in the four occupations identified by the vocational expert constitutes a significant number of jobs. Plaintiff has not demonstrated that the ALJ's finding about the number of jobs is erroneous.

To the extent Plaintiff argues that the number of jobs is fewer than 135,000, that argument is rejected as Plaintiff's argument is based on the unsupported contention that some jobs should be eliminated because the jobs entail public contact.

Credibility Determination

Plaintiff argues that the ALJ failed to perform a proper credibility determination because the ALJ's decision contains a paragraph of stock "boilerplate" language. There is no merit to this contention.

The Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use of boilerplate language is insufficient to support an ALJ's credibility determination. However, the Tenth Circuit has made it equally clear that when the ALJ provides specific reasons for his credibility determination and links the credibility determination to the

evidence, the presence of boilerplate language will not require remand. *Cf. Boehm v. Astrue*, 2013 WL 541067 at *2 (10th Cir. 2013) (rejecting the same argument advanced in this case in another appeal argued by Plaintiff's counsel), *Polson v. Astrue*, 2013 WL 238849 at *2 (10th Cir. 2013) (same), *Strickland v. Astrue*, 2012 WL 3935755 at *7 (10th Cir. 2012) (same).

The undersigned finds that the ALJ properly supported his credibility findings and appropriately related them to the record. In the summary of the medical evidence, the ALJ pointed out that Plaintiff's medical records do not support the extent of the limitations Plaintiff alleges. The ALJ also noted that, although Plaintiff's application alleges his disability began on July 3, 2003, he admitted working full time until the end of 2013, for which he only once filed a tax return. [R. 18-19]. The undersigned is able to follow the ALJ's reasoning and finds that the credibility determination is supported by substantial evidence. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 21, 2018.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 7th day of August, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE