# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID L. JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-0219-CVE-FHM |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the Report and Recommendation (Dkt. # 20) recommending that the Court affirm defendant's decision to deny plaintiff's claim for disability benefits. Plaintiff has filed a timely objection (Dkt. # 21) to the report and recommendation raising two issues. First, plaintiff argues that the administrative law judge (ALJ) erred by refusing to allow plaintiff to call a witness at the hearing. Second, plaintiff claims that the ALJ misidentified a job at step five of the analysis by using an incorrect job title or number from the Dictionary of Occupational Titles (DOT).

## I.

On May 19, 2014, plaintiff applied for disability benefits and alleged a date of onset of disability of July 3, 2003. Dkt. # 10, at 148-49. Plaintiff's claim was denied initially and upon reconsideration, and he requested a hearing before an ALJ. Id. at 103-112. A hearing was set for October 21, 2015.

Plaintiff appeared at the hearing before the ALJ and he was not represented by counsel. Id. at 33. The ALJ advised plaintiff that he had a right to be represented by counsel at the hearing, and plaintiff stated that he was waiving his right to counsel. Id. The ALJ explained the process of reviewing plaintiff's claim for disability benefits, the applicable regulations, and plaintiff's burden

to establish that he is disabled. Id. at 34-44. Plaintiff testified that he had heart surgery and he claimed that he had a heart condition for his entire life. Id. at 46-48. Plaintiff acknowledged that he is able to move around but he has limited stamina due to a congenital heart defect. Id. at 48-49. After high school, plaintiff laid carpet and installed flooring for his father's business. Id. at 50-53. He stopped working in June 2013, and he had been working approximately six hours a day before he quit. Id. at 54. Plaintiff testified that he worked about 30 hours per week, but he would sometimes work more hours if the company had bigger jobs that required more laborers. Id. at 55-56. The work involved constant physical movement, and plaintiff occasionally lifted carpet weighing up to 200 pounds and regularly lifted tools weighing 25 to 30 pounds. Id. at 57-58. Plaintiff's earning history showed that he last earned money in 2007, but he told the ALJ that he was making about $1,000 per month until he quit working in June 2013. Id. at 61. Plaintiff stated that he can no longer work primarily due to shortness of breath, and he has a lifting restriction of 20 pounds. Id. at 62. He had difficulty finding another job because of his criminal record, but he stated that he would be willing to work if he could find a job within his limitations. Id. at 63-66. Plaintiff claims that he suffers from panic attacks and he takes anxiety medication. Id. at 67. The ALJ called a vocational expert (VE) to testify, and the VE classified plaintiff's past relevant work as carpet layer or floor layer helper. Id. at 73. This would be semi-skilled, heavy work, under DOT 864.687-010. Id. The ALJ asked the VE about a hypothetical claimant with plaintiff's age, work history, and education who could perform the full range of sedentary work, and the ALJ included other limitations concerning the use of machinery and certain mental limitations. The VE testified that the hypothetical claimant could not perform plaintiff's past relevant work, but there were jobs in the national economy that the hypothetical claimant could perform. Id. at 74-75. The VE provided a

2

job title, DOT number, and the number of jobs available in the national economy for four jobs. Id. After the VE's testimony, plaintiff told the ALJ that he "had somebody with [him]," and he "didn't know if it was relevant to have her in here or not, like, as a witness or anything." Id. at 76. The ALJ told plaintiff that it was "too late" to call a witness" and the hearing was concluded. Id.

The ALJ issued a written decision denying plaintiff's claim for disability benefits. Id. at 15-24. Plaintiff had the severe impairments of aortic stenosis, bicuspid valve, post aortic valve replacement surgery, recurrent arrhythmias, and anxiety. Id. at 17. Plaintiff did not have an impairment or combination of impairments that met or medically exceeded one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 18. The ALJ determined that plaintiff had the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform sedentary work as defined in 20 CFR 416.967(a) except he must not climb ladders, ropes, or scaffolds; stooping, kneeling, crouching, crawling, and climbing ramps or stairs can be done occasionally; and he should have no exposure to unprotected heights, open flames, dangerous machinery or equipment, or other hazardous conditions (note that all moving machinery is not dangerous–such as machinery were moving parts are shielded). Due to mental impairments, the claimant can understand, remember, and carryout simple or intermediate level instructions, and perform simple and some tasks of intermediate level difficulty under routine supervision, such that he is capable of doing simple or at most semi-skilled work. In addition, he can relate to supervisors and coworkers on a superficial and work-related basis and can adapt to a work situation.

Id. at 19. Plaintiff did not have any prior work that qualified as a past relevant work, and the ALJ resolved plaintiff's claim at step five of the analysis. The ALJ identified four jobs that plaintiff could perform with his RFC, and there were a total of 135,000 of these jobs in the national economy. One of the jobs identified by the ALJ was clerical mailer, DOT number 209.587-104, and there were 32,000 of these jobs in the national economy. The ALJ found that there were jobs in significant

3

numbers in the national economy that plaintiff could perform, and plaintiff's claim for disability benefits was denied.

Plaintiff sought review of the denial of his claim by the Appeals Council, and the Appeals Council found no basis to review plaintiff's claim. Id. at 4. Plaintiff filed this case seeking judicial review of the denial of his claim for disability benefits, and he is represented by counsel. Dkt. # 2. The matter was referred to a magistrate judge for a report and recommendation, and magistrate recommends that the Commissioner's decision to deny plaintiff's claim for disability benefits be affirmed.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Plaintiff argues that the ALJ erred when he refused to allow plaintiff to call a witness at the hearing, and he claims that the case should be remanded due to a mis-identification of a job at step five of the analysis. Defendant acknowledges that both of these errors occurred but argues that plaintiff has not shown that any error by the ALJ prejudiced him.

4

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. *See Id.* Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. *See Id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis, finding that sufficient jobs existed in the national economy to allow plaintiff to work. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir.

2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff argues that the ALJ erred when he refused to allow plaintiff to call a witness at the hearing. The notice advising plaintiff of the date of his administrative hearing clearly states that plaintiff is permitted to "present and question witnesses" at the hearing. Dkt. # 10, at 131. Social security regulations also allow a claimant to call witnesses to testify on the claimant's behalf at a hearing. 20 C.F.R. § 404.950(e); 20 C.F.R. § 416.1416(b)(4). Defendant does not dispute that the ALJ erred by refusing to allow plaintiff to call a witness, but defendant argues that any error was harmless due to plaintiff's failure to make a proffer as to the testimony that would have been offered by the witness. Dkt. # 22, at 2. The harmless error doctrine applies to judicial review of administrative rulings, including in the social security setting. Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004). The burden of showing that an error was harmful normally falls on the party that is attacking the agency's decision. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). The Tenth Circuit has taken into account that proceedings before the ALJ in a social security case are non-adversarial, but has found that errors "minor enough not to undermine confidence in the determination of th[e] case" do not warrant remand for further proceedings. Allen, 357 F.3d at 1145.

6

The Court finds that plaintiff has made no attempt to show that allowing the testimony of his witness would have had any effect on the ALJ's decision, and any error in refusing to allow the witness to testify was harmless. Plaintiff argues that he was not represented at the hearing before the ALJ, and the Court should not expect him to be familiar with the procedural rules applicable in a social security hearing. Dkt. # 21, at 3. The Court is aware that plaintiff was unrepresented at the hearing, and the Court has taken into account that he may not have known that he should have made a proffer as to the testimony he intended to elicit from his witness. However, plaintiff is represented by counsel in the proceedings in this Court, and plaintiff's counsel has filed an opening brief, a reply, and objections to the report and recommendation, and counsel has failed in each of his filings to make any representation concerning the nature of the witness' testimony. Plaintiff's counsel was on notice after the filing of defendant's response and the magistrate judge's report and recommendation that harmless error was an issue in this case, but counsel has made no record that would allow the Court to find that the witness would have offered relevant testimony. It is clear that the ALJ erred by refusing to allow plaintiff to call a witness, but the Court finds no basis to conclude that the witness' testimony would have affected the ALJ's decision to deny plaintiff's claim for disability benefits.

Plaintiff argues that the VE provided an incorrect job title or DOT number for one of the four jobs that plaintiff could perform at step five, and this error requires the Court to remand the case for further administrative proceedings. Dkt. # 21, at 5. During the hearing, the VE testified that the hypothetical claimant could perform the job of "clerical mailer" with DOT number 209.587-014. Dkt. # 10, at 75. However, the listed DOT number corresponds to the job of "credit card clerk," not "clerical mailer." Plaintiff claims that the job of "mail clerk" is actually DOT number 209.687-026,

but the job of "mail clerk" is light work that plaintiff could not perform with his RFC. The magistrate judge acknowledged that the VE "misspoke when he said the job title was clerical mailer," but he did not recommend that the Court remand the case due to this error. Defendant argues that the job of "credit card clerk" is sedentary work within plaintiff's RFC, and the mis-identification of the job title by the VE and ALJ has no effect on the ALJ's step five findings.

The Court does not find that the mis-identification of a job title at step five provides any basis to remand the case for further administrative proceedings. Plaintiff has not responded to defendant's argument that he would be able to perform the job of "credit card clerk," and the magistrate judge stated that plaintiff could perform this job with his RFC. The Court has independently reviewed this recommendation and finds that the physical and mental requirements of the job of "credit card clerk" do not conflict with plaintiff's RFC. Thus, any misidentification in the title of the job does not remove the job from consideration at step five, and plaintiff has not shown that the misidentification affected the outcome of the proceedings. Plaintiff appears to be making a cumulative error argument and he argues that "two significant mistakes in the same decision does not seem like the ALJ was engaging in his heightened duty to fully and fairly develop the record involving a pro se litigant." Dkt. # 21, at 5. There is no basis to infer that plaintiff's pro se status had anything to do with the VE's misstatement of a job title, and plaintiff has not shown that the ALJ failed to adequately develop the record. Plaintiff has not shown that any error or combination of errors adversely affected the proceedings and the magistrate judge's report and recommendation should be accepted.

**IT IS THEREFORE ORDERED** that Report and Recommendation (Dkt. # 20) is **accepted** as entered, and the decision of the Commissioner of the Social Security Administration is **affirmed**. A separate judgment is entered herewith.

**DATED** this 18th day of September, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE